**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. Action No. CCB-10-0546 |
| DALLAS WILLIAMS. | Civil Action No. CCB-21-984 |

**MEMORANDUM**

On March 29, 2012, Dallas Williams pled guilty to one count of possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Plea Agreement, ECF 43. He was sentenced to 180 months incarceration in accordance with a Rule 11(C)(1)(c) agreement, because he was found to be subject to the Armed Career Criminal Act ("ACCA"). Plea Agreement at 4; Sentencing Tr. at 7-8, 16, ECF 67. Williams reserved his right to appeal the court's denial of his suppression motion. Plea Agreement at 5; *see* Mot. to Suppress, ECF 25. The Fourth Circuit affirmed this court's ruling and the conviction and sentence in June 2013, CA4 J., ECF 70, and the Supreme Court denied cert, Denial of Petition for a Writ of Certiorari, *Williams v. United States*, No. 13-6202 (U.S. Oct. 15, 2013).

In October 2014, Williams filed a timely motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel for failing to challenge his status as subject to an ACCA sentence. First Mot. to Vacate, ECF 72. The motion was denied in July 2016, Mem., ECF 78, and Williams's appeal was later dismissed by the Fourth Circuit. CA4 Order, ECF 90.

Motions under the First Step Act, Mot. to Reduce Sentence, ECF 80, for compassionate release, First Mot. for Compassionate Release, ECF 85, and to serve the remaining part of his

sentence on home confinement, Second Mot. for Compassionate Release, ECF 87, were denied in July 2020. Mem. & Order, ECF 93.

Most recently, on April 20, 2021, Williams filed a motion to vacate under 28 U.S.C. § 2255 relying on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Second Mot. to Vacate, ECF 95. It was preceded by a motion with very similar arguments captioned as a motion under 18 U.S.C. § 3582(c). Mot., ECF 94. As argued by the government in its opposition, Opp'n to Second Mot. to Vacate, ECF 100, this argument has been procedurally defaulted and is meritless after the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021). Most significantly, if construed as a motion under 28 U.S.C. § 2255, the motion is second or successive, and must be authorized by the Fourth Circuit before the district court would have jurisdiction to consider it. 28 U.S.C. § 2244(b)(3)(A).  Further, to the extent Williams intended to seek compassionate release under 18 U.S.C. § 3582(c), *Rehaif* does not provide a basis for such relief.[1]

Accordingly, the current motions (ECF 94 and 95) will be denied. No certificate of appealability will be issued.

A separate order follows.

_____1/8/2024_____                                   _____/s/_____
Date                                                            Catherine C. Blake
                                                                  United States District Judge

---

[1] The court notes that Williams already has been released from custody, though he remains on supervised release.